IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST LEE JONES, | No. 2:13-cv-1680-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner seeks leave to proceed in forma pauperis. Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. The request will be granted.

      Also pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 4). Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

The basic scope of habeas corpus is prescribed by statute.  Specifically, the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2241(c).  In addition, 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in on a federal habeas petition, petitioner must demonstrate that the adjudication of his claim in state court

> Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Here, petitioner is not challenging any State court decision.  Nor is he challenging an administrative hearing decision, such as a disciplinary action or parole eligibility determination.  Instead, he is challenging a determination assessing whether or not he is a low risk prisoner who may be eligible for early release.  There is nothing in his petition to indicate any basis for this court to find that he is in custody in violation of the constitution or laws of the Untied States.  He does not make any claim that he is being held unlawfully.  A determination that petitioner is not eligible for early release is not a basis for this court to grant a federal habeas petition.  Even a determination that a prisoner is not eligible for parole is subject to very limited federal review.  Indeed, for cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of

notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

In fact, the United States Supreme Court has held:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest.  There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  Id. at 7.  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 862 (2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).  Thus, there is no other clearly established federal constitutional right in the context of parole, nor is there any for an early release program.

Based on the foregoing, petitioner will be required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (Docs. 5, 7) is granted; and

2. Petitioner shall show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed.

DATED:  December 18, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE